1  DAVID G. HALM, ESQ., SBN: 179957
   David.Halm@qpwblaw.com
2  **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
   500 N. Brand Boulevard, Suite 1650
3  Glendale, California  91203

4  Telephone: 213.486.0048
   Facsimile:  213.486.0049
5
   *Attorneys for Thomas ("Kip") McKean*
6

7

8                    **UNITED STATES DISTRICRT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| Darleen Diaz, an individual; Bernice Perez, an individual; Desiree Perez, an individual; Jane Roe 8, an individual; and, Ashley Ruiz, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>International Churches of Christ, Inc., an unincorporated association and former California nonprofit corporation; Thomas ("Kip") McKean, an individual; Rob Kosberg, an individual; Connie Kosberg, an individual; Steve Gansert-Morici, an individual; Jacqueline Gansert-Morici, an individual; David Saracino, an individual; Chris Del Rosario, an individual; Bruce Williams, an individual; Robin Williams, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO. 2:22-cv-09467-ODW-PLA**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THOMAS ("KIP") MCKEAN'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE**<br><br>*Filed concurrently with Notice of Motion; [Proposed]Order.*<br><br>Date: August 28, 2023<br>Time: 1:30 p.m.<br>Dept: 5D<br>Judge: Hon. Otis D. Wright II<br>Trial Date: Not yet set<br><br>Action filed:  December 30, 2022<br>Second Amended Complaint filed:  June 16, 2023 |

1  Defendant Thomas ("Kip") McKean ("Defendant"), through counsel, hereby
2  submits his Motion to Dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure.
3  This Motion is Supported by the attached Memorandum of Points and Authorities.

4  **MEMORANDUM OF POINTS AND AUTHORITIES**

5  **I.  INTRODUCTION.**

6  Plaintiff's First Amended Complaint (Doc. #69) ("FAC") asserts the following
7  claims against Defendant:  1) First Claim: Sexual Assault of a Minor; 2) Second Claim:
8  Violation of Cal. Penal Code § 647.6(a)(1); 3) Third Claim: Violation of Cal. Penal Code
9  §§ 288(a), (b)(1), (b)(2); 4) Fourth Claim: Sexual Assault; 5) Sixth Claim: Sexual Battery
10 in Violation of Cal. Civ. Code § 1708.5; 6) Seventh Claim: Gender Violence in Violation
11 of Cal. Civ. Code § 52.4; 7) Eighth Claim:  Negligent Hiring, Supervision, and Retention;
12 8) Ninth Claim: Negligent Supervision of a Minor; 9) Tenth Claim:  Failure to Report
13 Suspected Child Abuse in Violation of Penal Code §§ 11165 *et seq*. based on Vicarious
14 Liability; 10) Eleventh Claim: Negligence; and 11) Twelfth Claim:  Violation of Federal
15 Racketeer Influenced and Corrupt Organization ("RICO") Act 18 U.S.C. § 1962(c).[1]
16 Assuming Plaintiffs' factual allegations are true solely for the purposes of this Motion,
17 Defendant is entitled to judgment as a matter of law pursuant to Rule 12(b)(1) and (6),
18 Federal Rules of Civil Procedure, because none of Plaintiffs' claims state viable causes of
19 action against Defendant and nothing that may be revealed in discovery can possibly
20 remedy the legal deficiencies in any of their claims.   Further, this court does not have
21 subject matter jurisdiction because no federal law is at issue and the parties are not diverse.

22 **II.  FACTUAL ALLEGATIONS RELEVANT TO DEFENDANT.**

23 Plaintiff Darlene Diaz alleges she is a citizen of California and was a resident of
24 California when the acts alleged occurred.  Darlene Diaz was born in 1989 and is the older
25 sister of Plaintiff Bernice Perez.  Darlene Diaz alleges she was sexually abused by
26 Defendant David Saracino from 1998 through 1999 at her home when she was a minor.  *See*

27
28 [1] Plaintiffs' counsel stated at the in-person conference that he intends to dismiss this claim. Defendant will brief this issue as the dismissal has not been filed to date.

1  FAC ¶¶ 10, 115-124.

2  Plaintiff Bernice Perez alleges she is a citizen of California and was a resident of
3  California when the acts alleged occurred. Bernice Perez was born in 1991, is the sister of
4  Darlene Diaz, and alleges she was sexually abused by Defendant David Saracino from 1998
5  through 1999, when she was a minor. *See* FAC ¶¶ 11, 110-114.

6  Plaintiff Desiree Perez alleges she is a citizen of California and was a resident of
7  California when the acts alleged occurred. Desiree Perez is the mother of Darlene Diaz and
8  Bernice Perez. Desiree Perez alleges she was raped by Defendant Chris Del Rosario when
9  she was an adult. Desiree Perez alleges the ICOC and its members victim shamed her and
10 coerced her onto silence by repeated directives to "support and forgive the brothers." *See*
11 FAC ¶¶ 12, 125-151.

12 Plaintiff Jane Roe 8 alleges she is a citizen of California and was a resident of
13 California when the acts alleged occurred. Jane Roe 8 was born in 1993, and alleges she
14 was abused by Defendant David Saracino in 1996 when she was a minor at the ICOC's
15 Kids' Kingdom. Jane Roe 8 alleges that her mother was told not to report the abuse by
16 ICOC attorney John Bringardner. Jane Roe 8 alleges that 5 days after the alleged abuse,
17 Defendant isolated Jane Roe 8's mother at a staff meeting and gave her a hug stating, "I'm
18 so sorry for what you're going through, but if the police get a hold of this story, they will
19 twist this story around and use it to destroy God's church. Then innocent members of our
20 church will lose their salvation. I commend you for doing the Godly thing and allowing us
21 to handle it. On behalf of God's church, I am grateful for your faith sister, and I promise
22 you that you did the right thing here." *See* FAC ¶¶ 13, 152-170.

23 Plaintiff Ashley Ruiz alleges she is a citizen of California and was a resident of
24 California when the acts alleged occurred. Ashley Ruiz alleges she was abused by David
25 Saracino in approximately 1996, when she was 5 years old. *See* FAC ¶¶ 14, 171-175.

26
27
28

**3**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant is a resident of California and a member of the International Church of Christ ("ICOC").[2] Plaintiffs allege that Defendant labeled the abusive behavior of Chuck Lucas (a non-party) as "recurring sins," facilitated a "discipler" hierarchy which created a culture of fear and allowed predators to abuse women and children, concealed abuse of unnamed members of the ICOC, crafted a hierarchy that "lent itself to maintaining secrecy, and told church members, including Jane Roe 8's mother, "we need to forgive our brothers who sin and realize that they are a new creation in Christ, and give them a chance to make things right. If we report them, it will destroy their lives and hurt the church." Plaintiffs also allege that "it is commonly understood that [Defendant] was acutely aware of the physical, psychological, and sexual abuses that church leaders [like Chuck Lucas and others] wrought upon both children and adult parishioners of the church." *See* FAC ¶¶ 16, 30, 44, 45, 46, 52, 66, 68, and 71.

## III. LAW AND ARGUMENT.

### A. This Court Does Not Have Subject Matter Jurisdiction.

Plaintiffs' assertion of federal subject matter jurisdiction stems from an alleged violation of Federal Racketeer Influenced and Corrupt Organization ("RICO") Act 18 U.S.C. § 1961et seq, with state law allegations being alleged under supplemental jurisdiction. Subject matter jurisdiction is improper because it is predicated on alleged violations of the RICO and Plaintiffs have not alleged a legally cognizable RICO claim against Defendant. To state a valid RICO claim, a plaintiff must allege the following elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (predicate acts), and (5) causing injury to the plaintiff's business or property. *Sedima, S.P.R.L. v. Imrex Co., Inc*., 473 U.S. 479, 496 (1985). To establish a pattern of racketeering activity, plaintiffs must allege at least two predicate acts that "'are interrelated by distinguishing characteristics", and "amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Company* 492 U.S. 229, 239-240 (1989).

---

[2] For the purposes of this Motion only, Defendant does not dispute the allegations in the First Amended Complaint (Doc. #69).

Plaintiffs have not sufficiently alleged a pattern of racketeering against Defendant. Despite the list of alleged criminal conduct in the FAC, the Complaints fail to provide sufficient facts to support the allegations against Defendant. The allegations relate to Defendant's emails to church elders regarding voluntary tithing and support for the concepts of support and forgiveness for sins are conclusory and generalized and do not relate to the alleged actions of the named Defendants. The Rules of Federal Civil Procedure require that claims be plead with specificity and they are not. Further, as set for the below, Plaintiffs' state law claims do not constitute RICO predicate crimes and are not viable.

Finally, the leading decision on RICO's statute of limitations issue is the United States Supreme Court decision, *Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 156–157 (1987). *Agency* held that the applicable statute of limitations period for all RICO claims is four years and begins to run when the plaintiff knows or should know of the injury which is the basis of the action. *Id.* It appears the statute has run on all Plaintiffs' RICO claims based on the time-frames alleged in the FAC.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Claims.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over remaining state law claims if all federal claims over which it has original jurisdiction have been dismissed. In such cases, the balance of factors under the pendent jurisdiction doctrine, including judicial economy, convenience, fairness, and comity, typically favors declining jurisdiction over the state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). If the Court dismisses Plaintiffs' RICO claims, no federal claims will remain over which the Court has original jurisdiction. With only state claims remaining, and with the case still in its earliest stages, "the interests of comity and fairness" support dismissal of the remainder of the Complaint.

### C. Plaintiff's State-Law Claims Are Not Viable and Should be Dismissed.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The facts alleged in the complaint, accepted as true, must "plausibly establish[] each element" of the plaintiff's claims. *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012). Under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must plead the elements of her claims "with particularity." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). Rule 9(b)'s heightened pleading standard also applies to civil RICO fraud claims. *Id*.

### 1. First Claim: Sexual Assault of a Minor.

Plaintiffs have not alleged that Defendant committed any act of sexual assault. Plaintiffs allege they were all sexually assaulted by Defendants David Saracino and Chris Del Rosario when they were minors, with the exception of Desiree Perez who was alleged to be an adult. This claim cannot be brought by Plaintiff Desiree Perez. Plaintiffs argue that Defendant is "vicariously liable under *respondeat superior*" because he knew or should have known of the abuse. The allegations of vicarious liability under a theory of *respondeat superior* require an employee "acting within the scope of his employment." *See Xue Lu v. Powell,* 621 F. 3d 944, 948 (9th Cir. 2010). Further, California law requires proof that the alleged crimes or torts foreseeably result of the conduct of the business or enterprise. *Id*. Plaintiffs have not pled facts to support that Defendants David Saracino and Chris Del Rosario were acting within the scope of their employment when they committed the alleged acts, or facts to support that Defendant knew or should have known of the alleged acts. Accordingly, Claim One should be dismissed.

### 2. Second Claim: Violation of Cal. Penal Code § 647.6(a)(1).

This code requires proof of a violation by "every person who annoys or molests any child under 18 years of age shall be punished…" Any civil action would be against the alleged molester. The deciding factor for purposes of a child molestation charge is that the defendant has engaged in offensive or annoying sexually motivated conduct that invades a child's privacy and security, conduct that the government has a substantial interest in preventing and that is unrelated to the suppression of free expression." *See In re L.O.* 281

Cal. Rptr. 3d 900, 913 (App. 4th Dist. 2021). Plaintiffs have not alleged any such facts against Defendant. Further, this claim cannot be brought by Plaintiff Desiree Perez. Plaintiffs argue that Defendant "aided and abetted Defendant Saracino because he knew or should have known of the abuse. Plaintiffs have not alleged facts to support that Defendant knew or should have known of the alleged acts Accordingly, Claim Two should be dismissed.

       **3.**       **Third Claim: Violation of Cal. Penal Code §§ 288(a), (b)(1), (b)(2).**

This code requires proof of a violation by "a person who willfully and lewdly commits any lewd or lascivious act…upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." Plaintiffs have not alleged any such facts against Defendant. Further, this Claim cannot be brought by Plaintiff Desiree Perez. Plaintiffs argue that Defendant knew or should have known of the lewd acts, and concealed and covered up alleged acts, but have not pled facts to support these conclusory statements. Accordingly, Claim Three should be dismissed.

       **4.**       **Fourth Claim: Sexual Assault.**

Cal. Code Civ Proc.§ 340.16.(2) requires proof of a sexual assault as described in Section 243.4, 261, 264.1, 286, 287, or 289, or former Sections 262 and 288a, of the Penal Code and, that Defendant engaged in a coverup of a previous instance or allegation of sexual assault. A coverup is defined as a concerted effort to hide evidence relating to a sexual assault that incentivizes individuals to remain silent or prevents information relating to a sexual assault from becoming public or being disclosed to the plaintiff, including, but not limited to, the use of nondisclosure agreements or confidentiality agreements. *Id.*

Plaintiffs have not alleged any such facts against Defendant. Plaintiffs argue that Defendant knew or should have known, and concealed and covered up alleged acts, but have not pled facts to support these conclusory statements. Accordingly, Claim Four should be dismissed.

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**5.    Sixth Claim: Sexual Battery in Violation of Cal. Code Civ. Proc. § 1708.5**

The proof for a violation for this code requires: "A person commits a sexual battery who does any of the following:

(1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.
(2) Acts with the intent to cause a harmful or offensive contact with another by use of the person's intimate part, and a sexually offensive contact with that person directly or indirectly results.
(3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.
(4) Causes contact between a sexual organ, from which a condom has been removed, and the intimate part of another who did not verbally consent to the condom being removed.
(5) Causes contact between an intimate part of the person and a sexual organ of another from which the person removed a condom without verbal consent.
(b) A person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages.
(c) The court in an action pursuant to this section may award equitable relief, including, but not limited to, an injunction, costs, and any other relief the court deems proper."

Plaintiffs argue that Defendant "aided and abetted" Defendants Saracino and Del Rosario because he knew or should have known of the sexual battery.  Plaintiffs have not alleged facts to support that Defendant aided or abetted, concealed or knew or should have known of the alleged acts of Defendants Saracino and Del Rosario. Accordingly, Claim Six should be dismissed.

**6.    Seventh Claim: Gender Violence in Violation of Cal. Civ. Code § 52.4**

Proof of a violation of California Civil Code § 52.4 requires, "One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction…a physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have

resulted in criminal complaints, charges, prosecution, or conviction." Further, section 52.4(e) bars civil liability against an employer.

Plaintiffs argue that Defendant conspired and /or "aided and abetted" Defendants Saracino and Del Rosario to create conditions of coercion and control that caused Plaintiffs to be subjected to the acts alleged. Plaintiffs have not alleged facts to support that Defendant aided or abetted, concealed or knew or should have known of the alleged acts of Defendants Saracino and Del Rosario. Accordingly, Claim Seven should be dismissed.

### 7. Eighth Claim: Negligent Hiring, Supervision, and Retention.

These causes of action are duplicative, as they reflect substantive negligence causes of action. *Delfino v. Agilent Technologies, Inc*. 145 Cal.App.4th 790, 815 (2006) (liability for negligent supervision and/or retention of an employee is one of direct liability for negligence). Additionally, negligence has a two-year statute of limitations, which has expired under the alleged facts. *See* California Code of Civil Procedure §§335, 335.1. To state a negligent supervision or retention claim, the plaintiff must show that (1) the employer owed a legal duty to use due care, (2) the employer breached that duty, and (3) the breach proximately caused harm to the plaintiff. *Trujillo v. N. Cnty. Transit Dist*., 63 Cal. App. 4th 280, 286-87 (1998).

Further, the allegations of vicarious liability under a theory of *respondeat superior* require an employee "acting within the scope of his employment." *See Xue Lu v. Powell,* 621 F. 3d 944, 948 (9th Cir. 2010). Further, California law requires proof that the alleged crimes or torts foreseeably result of the conduct of the business or enterprise. *Id*.

Plaintiffs have not alleged that Defendant had a duty to supervise, hire and/or retain any of the named Defendants. Further, plaintiffs have not alleged facts to support a breach of any alleged duty, that Defendants Del Rosario and/or Saracino were acting within the scope of their employment, and/or the conduct was foreseeable. Accordingly, Claim Eight should be dismissed.

### 8. Ninth Claim: Negligent Supervision of a Minor.

Plaintiffs have not alleged facts to support that Defendant had a duty to supervise any minor, a breach of any alleged duty, or that Defendants Del Rosario and/or Saracino were acting within the scope of their employment, and/or the conduct was foreseeable. Additionally, negligence has a two-year statute of limitations, which has expired under the alleged facts. *See* California Code of Civil Procedure §§335, 335.1.  Accordingly, Claim Nine should be dismissed.

9. **Tenth Claim:  Failure to Report Suspected Child Abuse in Violation of Penal Code §§ 11165** *et seq***. Based on Vicarious Liability.**

Penal Code §§ 11165 *et seq*. requires a person to have knowledge of or observe a child whom the mandated reporter knows, or reasonably suspects has been the victim of child abuse or neglect.  Plaintiffs have only alleged conclusory and general statements, and any actual facts. Accordingly, Claim Ten should be dismissed.

10. **Eleventh Claim:  Negligence.**

The elements of a negligence cause of action are (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Koepke v. Loo*, 18 Cal. App. 4th 1444, 1448-49 (1993). As set forth above, Plaintiffs have not alleged that Defendant had any duty that was breached. Additionally, negligence has a two-year statute of limitations, which has expired under the alleged facts. *See* California Code of Civil Procedure §§335, 335.1.  Accordingly, Claim Ten should be dismissed.

## IV.   CONCLUSION.

Based on the foregoing, Defendant respectfully request that the Court grant his Motion to Dismiss, without leave to amend, and dismiss the Plaintiffs' FAC, with prejudice.

The undersigned, counsel of record for Defendant, certifies that this brief contains 3655 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 29, 2023                    QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: ___*/s/ David G. Halm*___
    David G. Halm, Esq.
    Attorneys for Defendant *Thomas ("Kip") McKean*

**10**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# PROOF OF SERVICE

I am a citizen of the United States. My business address is Quintairos, Prieto, Wood & Boyer PA, 500 N. Brand Boulevard, Suite 1650, Glendale, California 91203. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document entitled:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THOMAS ("KIP") MCKEAN'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE**

☒  (BY CM/ECF)  I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

Bobby Samini
Michael Katz
Steve Baric
John S. Oney, IV
SAMINI BARIC KATZ, LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA  92626
Bobby.samini@sbklawyers.com
Michael.katz@sbklawyers.com
Steve.baric@sbklawyers.com
John.oney@sbklawyers.com
*Attorneys for Plaintiffs Darleen Diaz, Bernice Perez, Desiree Perez, Jane Roe 8 and Ashley Ruiz*

☒  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 29, 2023, at Palmdale, California.

　　　　　　　　　　　　　　　　*/s/ Mary Youngblood*
　　　　　　　　　　　　　　　　Mary Youngblood