BYRON J. MCLAIN, CA Bar No. 257191
   bmclain@foley.com
SAVANNAH LEVIN, CA Bar No. 347929
   slevin@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

DAVID J. JORDAN, UTAH Bar No. 1751 (*pro hac vice forthcoming*)
   djordan@foley.com
JORDAN C. BLEDSOE, UTAH Bar No. 15545 (*pro hac vice forthcoming*)
   jordan.bledsoe@foley.com
**FOLEY & LARDNER LLP**
95 S STATE STREET, SUITE 2500
SALT LAKE CITY, UT 84111
TELEPHONE: 801.401.8900
FACSIMILE:   385.799.7576

Attorneys for Defendant INTERNATIONAL CHURCHES OF CHRIST, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLEEN DIAZ, an individual; BERNICE PEREZ, an individual; DESIREE PEREZ, an individual; JANE ROE 8, an individual; and, ASHLEY RUIZ, an individual,<br><br>               Plaintiffs,<br>vs.<br><br>INTERNATIONAL CHURCHES OF CHRIST, INC., an unincorporated association and former California nonprofit corporation; THOMAS ("KIP") McKEAN, an Individual; ROB KOSBERG, an individual; CONNIE KOSBERG, an individual; STEVE GANSERT-MORICI, an individual; JACQUELINE GANSERT-MORICI, an individual; DAVID SARACINO, an individual; CHRIS DEL ROSARIO, an individual; BRUCE WILLIAMS, an individual; ROBIN WILLIAMS, an individual; ALFREDO ALANIS, an individual; and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No. 2:22-cv-09467-ODW-PLA<br><br>**DEFENDANT INTERNATIONAL CHURCHES OF CHRIST, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS OR TO QUASH SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Filed Concurrently:<br>  1. Declaration of Byron J. McLain; and<br>  2. [Proposed] Order<br><br>Date:   August 14, 2023<br>Time:   1:30 p.m.<br>Place:   Ctrm. 5D<br><br>Judge: Hon. Otis D. Wright, II<br><br>Complaint Filed: December 30, 2022<br>FAC Filed: June 16, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Monday, August 14, 2023, or as soon thereafter as this matter may be heard in the above-captioned Court, located at 350 West First Street, Courtroom 5D, Los Angeles, California 90012, Defendant International Churches of Christ, Inc. ("ICOC, Inc."), through its counsel making a special appearance for the limited purpose of responding to the Court's July 7, 2023 minute order and contesting service of process, hereby moves this Court for an order dismissing Plaintiffs' First Amended Complaint ("Amended Complaint") pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and service of process or, alternatively, quashing service of process.

The grounds for this motion are that the Court's June 6, 2023 minute order and other procedural rules require Plaintiffs to serve their Amended Complaint on ICOC, Inc. before this Court may exercise jurisdiction over ICOC, Inc. To date, Plaintiffs have not served their Amended Complaint on ICOC, Inc. Thus, the Court lacks jurisdiction over ICOC, Inc. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and records on file in this action, and such additional authority and argument as may be presented at the hearing on this motion.

Counsel for ICOC, Inc. attempted to meet and confer with Plaintiffs' counsel pursuant to L.R. 7-3 before filing this motion. Specifically, counsel for ICOC, Inc. sent emails on July 9, 2023 and July 11, 2023 to Plaintiffs' counsel requesting to meet and confer. Plaintiffs' counsel did not respond to those requests.

DATED: July 13, 2023

**FOLEY & LARDNER LLP**
Byron J. McLain
David J. Jordan
Jordan C. Bledsoe
Savannah L. Levin

*/s/ Byron J. McLain*
Byron J. McLain

Attorneys for Defendant INTERNATIONAL CHURCHES OF CHRIST, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court lacks jurisdiction over defendant International Churches of Christ, Inc. ("ICOC, Inc.")[1] because plaintiffs Darleen Diaz, Bernice Perez, Desiree Perez, Jane Roe 8, and Ashley Ruiz (collectively, "Plaintiffs") failed to serve ICOC, Inc. with their Amended Complaint. On June 6, 2023, this Court entered a minute order—in response to Plaintiffs' repeated delays[2]—that established requirements for service of process. The minute order required Plaintiffs to serve ICOC, Inc. and any other unserved defendants by June 16, 2023 and then file proofs of service by June 20, 2023. The order also required that, if Plaintiffs amended their complaint, those service requirements would apply to any amended pleading. That is, Plaintiffs were required to serve any amended pleading by June 16, 2023 and proof of service by June 20, 2023.

Plaintiffs served ICOC, Inc. with the original Complaint only. Shortly thereafter, Plaintiffs filed an Amended Complaint that substantially revised their allegations. At that point, ICOC, Inc. had no obligation to appear or defend against the action because the amended pleading rendered the original Complaint inoperative and "without legal effect." *Liberi v. Defend Our Freedoms Foundations, Inc.*, 509 F. App'x 595 (9th Cir. 2013). Plaintiffs did not serve the Amended Complaint on ICOC, Inc. Instead, ICOC, Inc. learned of the amended pleading from other defendants. Plaintiffs filed proofs of service with the Court *after* filing their Amended Complaint, making it appear as though they properly served ICOC, Inc. with the amended pleading, but those proofs of service were for the original Complaint only and show service occurred *before* Plaintiffs filed their Amended Complaint.

---

[1] In their Amended Complaint, Plaintiffs identify ICOC, Inc. as a California nonprofit corporation. ICOC, Inc. dissolved in 2010. International Churches of Christ is now an unincorporated association of individuals.

[2] Plaintiffs have no justification for failing to serve ICOC, Inc. earlier. The California Secretary of State website identifies the board members who executed ICOC, Inc.'s certificate of dissolution. No former board members from ICOC, Inc. have been avoiding or hiding from service, yet it took Plaintiffs more than 160 days to serve a summons for the original Complaint.

Soon after Plaintiffs filed their Amended Complaint, their counsel announced during a call with certain defense counsel that Plaintiffs would dismiss this action and pursue their claims in state court. Counsel for Plaintiffs confirmed that position in an email on June 30, 2023. Based on that information, ICOC, Inc. rightfully believed that Plaintiffs did not serve ICOC, Inc. with the Amended Complaint because they intended to dismiss and pursue their claims in state court. It is unclear why Plaintiffs have not yet done so. In any case, based on Plaintiffs' failure to serve ICOC, Inc., along with their counsel's representations concerning dismissal, ICOC, Inc. did not retain counsel or prepare a response to the Amended Complaint.

To ICOC, Inc.'s surprise, on July 7, 2023, the Court issued a minute order requiring ICOC, Inc. to respond to Plaintiffs' Amended Complaint by July 14, 2023. Plaintiffs did not and have not served that minute order on ICOC, Inc., as the order requires. Rather, ICOC, Inc. learned of the Court's minute order from other defendants. ICOC, Inc. has retained counsel for the limited purpose of responding to the Court's minute order and objecting to Plaintiffs' service of process. At this point, it is unclear whether Plaintiffs intend to pursue claims against ICOC, Inc. in this Court. If they plan to proceed against ICOC, Inc., Plaintiffs must properly serve ICOC, Inc., and ICOC, Inc. must have adequate time to investigate and respond to those claims. Thus, this Court should (i) dismiss the Amended Complaint or quash service of process as to ICOC, Inc.; (ii) require Plaintiffs to properly serve ICOC, Inc.; and (iii) grant sufficient time for ICOC, Inc. to respond to the Amended Complaint, if necessary. This Court should also require Plaintiffs to inform this Court by **Friday, July 21, 2023** whether Plaintiffs intend to voluntarily dismiss their Amended Complaint so that this Court and defendants may conserve time and resources.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

A.     On February 1, 2023, Plaintiffs filed their original Complaint against ICOC, Inc. and other defendants. Dkt. No. 1.

B.     On June 6, 2023, the Court issued a minute order (the "June 6 Order") requiring Plaintiffs to, among other things, file amended complaints by June 16, 2023 and

file proofs of service of any amendments by June 20, 2023:

> In each of the above-captioned cases (SEE LIST OF CASES AS LISTED HEREIN), the time for service pursuant to Rule 4(m) has expired as to all Defendants. Based on Plaintiffs' representations of diligence, the Court has already extended the time for service several times. No more extensions of the time for service will be granted. ***No later than June 16, 2023, Plaintiffs must serve any Defendants still unserved; and no later than June 20, 2023, Plaintiffs must file a proof of that service***. Any Defendants remaining unserved after June 20, 2023, will be dismissed without prejudice. ***If Plaintiffs intend to amend, they must file any amended complaint by June 16, 2023. The requirements above concerning service apply equally to any amended complaint.*** The failure to timely file an amended complaint will result in (1) the initial complaint remaining the operative complaint for Defendants responses, and (2) Defendants' obligation to answer or respond to that complaint, as ordered below. Finally, Defendants shall answer or respond to the operative complaint, be it initial or timely amended, by June 30, 2023. To be clear, if Plaintiffs timely file an amended complaint, Defendants shall answer or respond to the amended complaint no later than June 30, 2023. If Plaintiffs elect not to file an amended complaint, Defendants shall answer or respond to the initial, still-operative complaint no later than June 30, 2023. No further extensions will be granted. All pending stipulations for extensions are moot.

Dkt. No. 67 (emphases added).

    C.    On June 10, 2023, Plaintiffs served Rafael Lua ("Mr. Lua") with the Summons and original Complaint for ICOC, Inc. in this case number action only (*i.e.,* originally *Salud Gonzalez v. ICOC, Inc. et al,* 2:22-cv-09467). Dkt. No. 72.

    D.    On June 15, 2023, after Mr. Lua received the Summons and original Complaint in this case number action, Mr. Lua informed counsel for Plaintiffs that he did not have authorization to accept service on ICOC, Inc.'s behalf. *See* June 15, 2023 Email from R. Lua, attached as Exhibit A to Declaration of Byron J. McLain ("McLain Decl.").

    E.    On June 15, 2023, Plaintiffs served Jaime DeAnda ("Mr. DeAnda") with the Summons and original Complaint for ICOC, Inc. Dkt. No. 73 at 4.

    F.    On June 16, 2023, Plaintiffs filed their Amended Complaint against ICOC, Inc. and other defendants. Dkt. No. 69.

    G.    On June 20, 2023, Plaintiffs filed a waiver of service dated June 16, 2023 that Plaintiffs falsely represented was executed by ICOC, Inc. *See* Dkt. No. 70. The waiver of service shows it was executed by counsel for Thomas McKean and on his behalf. *Id.* The waiver of service was not executed by counsel for ICOC, Inc. and did not waive service as

to ICOC, Inc. *Id.*

H.    Plaintiffs filed a proof of service, representing that they served Rafael Lua on June 15, 2023 in this matter. Dkt. No. 72. However, Plaintiffs failed to inform the Court that Mr. Lua indicated that he was not authorized to accept service on behalf of ICOC, Inc. Plaintiffs also further failed to clarify for the Court that Plaintiffs never served Mr. Lua (or Mr. DeAnda) with the Summons and Amended Complaint in this action or any other related actions. *Id.* at 4.

I.    On June 21, 2023—after the deadline provided by the Court—Plaintiffs filed a second proof of service, stating that they served Mr. DeAnda on June 15, 2023, the day before Plaintiffs filed their Amended Complaint. Dkt. No. 73. The proof of service shows that Mr. DeAnda was served with the Summons and original Complaint as opposed to the Amended Complaint. *Id.* at 4.

J.    Neither Mr. DeAnda nor any other individual authorized to accept service on ICOC, Inc.'s behalf has been served with the Amended Complaint. McLain Decl. ¶ 7.

K.    On June 27, 2023, counsel for Plaintiffs indicated on a video call with certain defense counsel that they would be dismissing, among other amended complaints in related cases, the Amended Complaint in this case by June 28, 2023, and would pursue their claims in California state court. *Id.* ¶ 4. Plaintiffs did not dismiss the Amended Complaint or any other amended complaints by June 28, 2023. *Id.* ¶ 5.

L.    On June 30, 2023, counsel for Plaintiffs sent an email to certain defense counsel indicating, "We are prepared to dismiss the following cases at this time and refile in State Court: Diaz: 2:22-cv-09467-ODW-PLA, Roe 1: 2:23-cv-00664-ODW-PLA, Macias: 2:23-cv-00765-ODW-PLA, Gonzales 2:23-cv-01192-ODW-PLA." June 30, 2023 Email from B. Samini, attached as Exhibit B to McLain Decl.

M.    To date, Plaintiffs have not dismissed those actions. *Id.* ¶ 6.

N.    On July 7, 2023, the Court issued a minute order (the "July 7 Order") requiring ICOC, Inc. to respond to Plaintiffs' Amended Complaint by no later than July 14, 2023. Dkt. No. 80. Per the order, Plaintiffs were required to serve the July 7 Order on ICOC, Inc.

*Id.* To date, Plaintiffs have not done so. McLain Decl. ¶ 8.

O.   On or around July 9, 2023, ICOC, Inc. retained counsel to specially appear for the limited purpose of responding to the July 7 Order and contesting service of process. McLain Decl. ¶ 9.

## III.   LEGAL STANDARD

"The Court lacks jurisdiction over defendants who have not been properly served in accordance with Federal Rule of Civil Procedure 4." *Justice v. Albertsons Corp.*, No. 11-CV-2253-H BLM, 2012 WL 355031, at *3 (S.D. Cal. Feb. 2, 2012). "Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure permit a court to dismiss an action for insufficient service of process." *Id.* "Rule 12(b)(4) enables the defendant to attack the form of the proof of service, and Rule 12(b)(5) enables the defendant to attack the manner in which service was attempted." *Id.* "When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4." *Id.* "'[W]ithout substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Indie Source, Inc. v. Where I'm From Apparel, LLC*, No. CV155585FMOJPRX, 2015 WL 13357675, at *1 (C.D. Cal. Aug. 17, 2015) (quoting *DirectMail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)); *Crownover by Crownover v. Phillips*, 15 F.3d 1084 (9th Cir. 1993) ("[S]ervice is ineffective even if the defendant receives actual knowledge of the action."). Where service of process is insufficient, "the Court has the discretion to either dismiss the action or retain the action and quash the service of process." *Justice*, 2012 WL 355031, at *3.

## IV.   LEGAL ARGUMENT

Plaintiffs' Amended Complaint should be dismissed or service of process quashed because Plaintiffs did not comply with the Court's June 6 Order or applicable procedural rules in serving ICOC, Inc., and ICOC, Inc. will be prejudiced if it is required to respond to the Amended Complaint before Plaintiffs properly serve ICOC, Inc. and thus show they intend to pursue claims against ICOC, Inc. in this Court.

The Court's June 6 Order established the requirements for Plaintiffs to file an amended pleading and to serve ICOC, Inc. and any other unserved defendants. Specifically, the order required Plaintiffs to serve ICOC, Inc. and any other unserved defendants by June 16, 2023 and then file proofs of service by June 20, 2023. *See* Court's June 6 Order. Further, the order required that, if Plaintiffs filed an amended pleading, those service requirements would apply to their amended pleading, meaning that Plaintiffs were required to serve any amended pleading by June 16, 2023 and file a proof of service by June 20, 2023. *Id.* The June 6 Order is consistent with the Court's local rules, which provide that "[s]ervice of amended pleadings on a party who has not previously appeared shall be made as provided in L.R. 4." L.R. 15-3. L.R. 4-1 requires the Court clerk issue an approved form of summons, and then the plaintiffs must serve the summons and operative complaint on the defendants. Likewise, Federal Rule of Civil Procedure 5(a)(2) states that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Under Rule 4, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Here, ICOC, Inc. is not obligated to respond to the Amended Complaint because Plaintiffs never served the Amended Complaint on ICOC, Inc. Although Plaintiffs filed proofs of service with the Court *after* they filed their Amended Complaint, those proofs of service establish that Plaintiffs served ICOC, Inc. *only* with the original Complaint and that service occurred *before* Plaintiffs filed their Amended Complaint. *See* Dkt. Nos. 72, 73. Specifically, Mr. Lua (who did not have authority to accept service) was served on June 10, 2023 with the original Complaint in this action only, and Mr. DeAnda was served on June 15, 2023. *See* Dkt. Nos.72, 73. Plaintiffs filed their Amended Complaint on June 16, 2023—after Mr. DeAnda was served. *See* Dkt. No. 69. Once Plaintiffs filed their Amended Complaint, ICOC, Inc. no longer had an obligation to appear and respond to the original Complaint because it was superseded by the amended pleading. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit

that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). Further, ICOC, Inc. does not currently have an obligation to respond to the Amended Complaint unless and until Plaintiffs serve it upon ICOC, Inc. *See Chilko v. Lorren*, No. 107CV1316OWWGSA, 2008 WL 4468995, at *2 (E.D. Cal. Sept. 30, 2008) ("Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case."); June 6 Order ("The requirements above concerning service apply equally to any amended complaint."). Thus, this Court lacks jurisdiction over ICOC, Inc. until Plaintiffs properly serve ICOC, Inc. with the Amended Complaint.[3] *See Justice*, 2012 WL 355031, at *3.

Moreover, ICOC, Inc. will be prejudiced if it is required to appear and substantively respond to the Amended Complaint before being properly served. Plaintiffs indicated to defense counsel that they do not intend to pursue claims against ICOC, Inc. (or any defendant) in this action and related actions before this Court. Presumably, Plaintiffs did not serve ICOC, Inc. with the Amended Complaint because they plan to dismiss this action and pursue their claims in state court. To be sure, Plaintiffs' counsel has represented on multiple occasions that Plaintiffs intend to dismiss certain actions before this Court. McLain Decl. ¶ 4; June 30, 2023 Email from B. Samini, Ex. B to McLain Decl. Based on Plaintiffs' failure to serve its amended pleading and counsel's representations regarding dismissal, ICOC, Inc. did not retain counsel to appear and defend against the Amended Complaint. It appears, however, that Plaintiffs led the Court to believe that they properly served ICOC, Inc. by filing a waiver of service that falsely represented it was executed by ICOC, Inc.'s counsel, and by filing proofs of service *after* filing their amended pleading, even though service took place *before* the amendment was filed, causing the Court to issue its July 7 Order. Unfortunately, Plaintiffs have not notified the Court that they did not

---

[3] The Court's June 6 Order required Plaintiffs to file a proof of service as to ICOC, Inc. no later than June 20, 2023. *See* June 6 Order. Plaintiffs did not file the proof of service as to Mr. DeAnda until June 21, 2023. Dkt. No. 73. The Court may dismiss or quash service on this additional ground.

properly serve ICOC, Inc. As a result, ICOC, Inc. has been forced to retain counsel and expend resources to respond to the July 7 Order. ICOC, Inc. will be further prejudiced if it is required to expend time and resources preparing a substantive response to the Amended Complaint only to have Plaintiffs dismiss this action. In any case, if Plaintiffs intend to proceed with their claims against ICOC, Inc. in this Court, they must properly serve ICOC, Inc., and ICOC, Inc. must have adequate time to respond to those claims. Plaintiffs' failure to properly serve ICOC, Inc. warrants dismissal or quashing of service of process.

In short, Plaintiffs' Amended Complaint should be dismissed as to ICOC, Inc. for failing to comply with the Court's June 6 Order. Alternatively, service should be quashed; Plaintiffs should be required to properly serve ICOC, Inc.; and ICOC, Inc. should be permitted to respond to the Amended Complaint in the ordinary course, if necessary.

## V.  CONCLUSION

For the foregoing reasons, ICOC, Inc. respectfully requests that the Court dismiss Plaintiffs' Amended Complaint as to ICOC, Inc. or quash service of process. This Court also should require Plaintiffs to inform this Court by **Friday, July 21, 2023** whether Plaintiffs intend to voluntarily dismiss their Amended Complaint so that this Court and all defendants may adequately conserve time and judicial resources.

DATED: July 13, 2023

**FOLEY & LARDNER LLP**
Byron J. McLain
David J. Jordan
Jordan C. Bledsoe
Savannah L. Levin

*/s/ Byron J. McLain*
Byron J. McLain
Attorneys for Defendant INTERNATIONAL CHURCHES OF CHRIST, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel, making a special appearance on behalf of ICOC, Inc. for the limited purpose of responding to the Court's July 7 Order and contesting service, hereby certifies that this brief contains 2,933 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 13, 2023

**FOLEY & LARDNER LLP**
Byron J. McLain
David J. Jordan
Jordan C. Bledsoe
Savannah L. Levin


*/s/ Byron J. McLain*
Byron J. McLain
Attorneys for Defendant INTERNATIONAL CHURCHES OF CHRIST, INC.